UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES M. TIBOR,<br><br>    Plaintiff,<br><br>v.<br><br>MIRAMED REVENUE GROUP, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:21-cv-00273<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** James M. Tibor ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of MiraMed Revenue Group ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et esq.*, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff lives in the Northern District of Indiana, Defendant conducts business in the Northern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant resided in the Northern District of Indiana.

5. Plaintiff is "consumer" as defined by 15 U.S.C §1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant is a debt collection liability company organized under the laws of the state of Illinois with its principal place of business located at 360 E. 22nd Street Lombard, Illinois 60148. Defendant collects upon consumer debt throughout the United States, including those residing in Indiana.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

11. In November 2020, Plaintiff began receiving collection calls to his cellular phone number (630) XXX-2187 from Defendant, attempting to collect on the subject debt.

12. At all times relevant, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 2187.

13. On December 22, 2020, Plaintiff answered a call from Defendant and told Defendant's representative that he did not recognize the bill and asked Defendant to mail him a detailed billing statement of the debt they are collecting.

14. Despite Plaintiff's request for a billing statement, Plaintiff has not received any letters in the mail regarding the subject debt.

15. Following their conversation, Defendant increased its collection efforts by calling Plaintiff multiple times a day and on back-to-back days.

16. Specifically, on June 24, 2021, Defendant received 3 collection calls in one day.

17. In a conversation with Defendant, Plaintiff told the representative that he would like them to send him a detailed billing statement in the mail and that their calls were harassing and unwelcomed.

18. Notwithstanding Plaintiff's request to cease calls, Defendant continued its attempts to collect on the subject debt by calling Plaintiff at a harassing rate.

19. Defendant has used numerous phone numbers to call Plaintiff, including but not limited to, (877) 523-1278, (800) 322-1991, and (800) 870-9445.

20. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

21. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

22. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

23. Upon information and belief, Defendant placed its calls to Plaintiff's telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

24. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed numerous calls to Plaintiff's cellular phone following his request that the calls cease.

25. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from December 2020 through the present day in an attempt to collect on the subject debt.

26. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### DAMAGES

27. Defendant's excessive and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

28. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect a delinquent medical debt allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

35. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

37. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA §1692c**

38. Defendant violated §1692c(a)(1) when it continuously contacted Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt immediately.

39. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. The frequency and volume of the phone calls show that the Defendant willfully ignored Plaintiff's pleas with the intent to annoy, abuse and harass him.

40. Defendant was notified by Plaintiff that its phone calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

   b. **Violations of FDCPA §1692d**

41. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt after Plaintiff told Defendant that their calls were unwelcomed. Moreover, Defendant continued placing

the relentless phone calls after Plaintiff told Defendant that he does not recognize the debt and would like them to mail him a billing statement detailing the debt.

42. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant continued placing the relentless calls after Plaintiff told Defendant to stop calling him and to send him letter through the mail.

43. As pled above, Plaintiff was severely harmed by Defendant's conduct.

44. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

45. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

   c. **Violations of FDCPA § 1692f**

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff's cellular phone after being notified that its efforts were unwelcomed. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and harass Plaintiff.

**WHEREFORE**, Plaintiff JAMES M. TIBOR respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendant repeatedly placed or caused to be placed frequent non-emergency phone calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded messages without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

50. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

51. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between November 2020 and the present day, using an ATDS without his prior consent.

52. Any prior consent, if any, was revoked by Plaintiff's responsive revocations. Specifically, Plaintiff told Defendant to not call him anymore and to send him detailed billing statements of the debt by mail.

53. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone

system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

54. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

55. Defendant used equipment with the ability to store or produce cellular telephone number to be used at random or sequential number generator and to dial such numbers without human intervention, as evidenced by the high number of phone calls.

56. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone by experiencing annoyance, harassment and aggravation.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JAMES M. TIBOR respectfully requests this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be a violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 31, 2021                            Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com